UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Airborne Athletics, Inc.,**                               Civil No. 10-3785 (SRN/JJK)

          **Plaintiff,**

                                                **MEMORANDUM OPINION
v.                                                                   AND ORDER**

**Shoot-A-Way, Inc.,**

          **Defendant.**

_____

David R. Fairbairn, Catherine Shultz and Stuart A. Nelson, Kinney & Lange, PA, 312 South Third Street, Minneapolis, Minnesota 55415, for Plaintiff

Alan W. Kowalchyk, Eric R. Chad and Heather Kliebenstein, Merchant & Gould, PC, 80 South Eighth Street, Suite 3200, Minneapolis, Minnesota 55402, for Defendant
_____

SUSAN RICHARD NELSON, United States District Judge

      This matter is before the Court on Defendant's Motion to Strike the Declaration of Harold Krings [Doc. No. 105]. For the reasons set forth herein, Defendant's motion is denied in part, and granted in part.

      Defendant Shoot-A-Way, Inc. ("Shoot-A-Way") moves to strike the Declaration of Harold Krings. Plaintiff Airborne Athletics, Inc. ("Airborne") submitted Krings' Declaration in support of its Memorandum in Opposition to Defendant's Motion for Summary Judgment on Willfulness. Defendant argues that Plaintiff failed to identify Krings in its disclosures pursuant to Fed. R. Civ. P. 26(a). Shoot-A-Way contends that it had no notice that Airborne intended to use Krings' testimony to support its claims until Plaintiff filed its opposition memorandum, along with Krings' Declaration. After Shoot-A-Way voiced its opposition to the use of Krings' Declaration, Airborne filed a supplemental Rule 26(a) disclosure listing Krings. As a result of

this late disclosure, Shoot-A-Way argues that it has been harmed.  Specifically, because Krings was not previously disclosed, Shoot-A-Way did not depose him and argues that it is unprepared to counter Krings' Declaration and accompanying exhibit.  Defendant therefore requests that the Court strike Krings' Declaration and exhibit and not consider them in ruling on the pending summary judgment motion.  In addition, Shoot-A-Way argues that Airborne made the late disclosure of Krings in bad faith and requests that the Court award sanctions pursuant to Fed. R. Civ. P. 37(c)(1).

Airborne responds that it supplemented its disclosures in a timely fashion and that the subject of Krings' Declaration – an incident occurring on August 5, 2000 - has been made known to Shoot-A-Way during the discovery process.  In addition, Airborne argues that its failure to initially disclose Krings was substantially justified and harmless under Rule 37.  Specifically, Airborne contends that it only learned in late April that Krings would be willing to testify.  Moreover, Plaintiff argues that it is not clear that Shoot-A-Way would have deposed Krings if he had been listed on the initial Rule 26 disclosures.  At the very least, Airborne argues that Krings' testimony should be permitted for impeachment purposes, as such testimony is not subject to the same disclosure requirements of Rule 26(a).

The Court finds that the failure to disclose Krings consistent with the parties' initial Rule 26(a) disclosure requirements resulted in harm and prejudice to Defendant Shoot-A-Way.  Shoot-A-Way had no opportunity to make a meaningful decision about deposing Krings because Airborne failed to identify him as a witness until nearly five months after the close of discovery.  Shoot-A-Way was therefore unable to counter the information presented in Krings' Declaration in connection with the pending summary judgment motion.  Because the non-disclosure does not

appear to have been made in bad faith, however, sanctions are not warranted.

The Court denies Defendant's request to strike Krings' testimony. However, in order to cure the harm caused by the late disclosure, the Court will permit Shoot-A-Way to take Krings' deposition and to file supplemental briefing, limited to 5 pages, and limited to information obtained in Krings' deposition, his Declaration and accompanying exhibit. Airborne will be permitted to file a responsive supplemental memorandum, limited to 5 pages, and limited to the arguments and issues raised in Shoot-A-Way's supplemental memorandum. Airborne's response will be due one week after the filing of Shoot-A-Way's supplemental memorandum. The deposition and filing of supplemental briefing shall occur within 45 days.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth herein, Defendant's Motion to Strike the Declaration of Harold Krings [Doc. No. 105] is **DENIED in part**, and **GRANTED in part**;

2. Defendant may take the deposition of Harold Krings and file supplemental briefing, to which Plaintiff may respond, as set forth herein, within the next 45 days.

Dated: May 30, 2012

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge
